[Civil No. 2295.   Filed July 15, 1926.]

[247 Pac. 1097.]

PHOENIX TITLE & TRUST COMPANY, a Corporation, Appellant, v. THE CENTRAL BANK OF PHOENIX, a Corporation, PERRY M. WILLIAMS, Receiver et al., Appellees.

1. BANKS AND BANKING.—Manner in which bank handled deposit, or understanding of its officers and employees that it would be special deposit, would not make it such without depositor's consent.

2. BANKS AND BANKING.—Where depositor was given credit in passbook for deposit of checks in bank on which drawn, credit was fixed and irrevocable in favor of depositor, so that deposit could not be regarded as a special deposit as respects priority.

See (1) 7 C. J., p. 631, n. 4, 4 New.   (2) 7 C. J., p. 637, n. 43 New, p. 750, n. 60.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

1. See 12 Cal. Jur. 482.

2. Construction of adopted statute, see notes in 1 Ann. Cas. 147; Ann. Cas. 1917B 651, 660. See, also, 23 Cal. Jur. 794; 25 R. C. L. 1069.

Mr. H. B. Wilkinson and Mr. C. F. Gerard, for Appellant.

Mr. J. H. Moeur and Mr. J. Early Craig, for Appellees.

ROSS, J.—On March 24, 1922, in the superior court of Maricopa county, the Central Bank of Phoenix was ordered into involuntary liquidation, and a receiver appointed to take charge of it and its assets.

Thereafter, on April 10, 1922, Murray H. Hall filed his petition in said court showing that he deposited in the Central Bank of Phoenix, on February 27, 1922, $451.27; that on the following day the bank failed to open its doors; that on the 25th or 26th of February, at a meeting of the officers and directors of such bank, it was decided that it was hopelessly insolvent, and unable to continue business, and that it should suspend and go into liquidation on the 28th of February; that all deposits received on the 27th were to be held, taken and considered as specific or special deposits, not to be commingled with the general funds of the bank; that the deposit made by the petitioner on the 27th, and all other deposits made on that day, were by the officers and directors kept separate and apart, and after the appointment of the receiver were turned over to such receiver intact as special deposits, and accepted by the receiver as such.

Petitioner further represented that such bank did not, on the 27th of February, honor or pay the checks drawn by any of its depositors and presented to it on that day. The petition was made in behalf of all persons in a situation similar to that of petitioner. Thereafter, on, to wit, the thirteenth day of April, the court made an order directing the receiver "to forthwith impound all funds deposited in said bank

of Phoenix on said twenty-seventh day of February, 1922, and not commingle the same in any manner with the funds or assets of said bank; that the full and complete deposit of said Murray H. Hall, made by him with said bank on said twenty-seventh day of February, 1922, as well as deposits of all other persons, firms, or corporations, made in said bank on said date, be forthwith returned to him and to them, provided that any sum or sums of money due said bank, by reason of overdraft or promissory note or notes, the maturity or due date of which was February 27, 1922, or prior thereto, and belonging to said bank, shall be deducted from the amount of the deposit of the person, persons, firms or corporations having such overdraft or owing such note or notes to said bank and retained by such receiver.''

On October 10, 1923, the appellant, Phoenix Title & Trust Company, filed its petition in said court and proceeding, reciting the order made by the court on the thirteenth day of April, 1922, to the receiver, wherein the latter was ordered and directed to return all deposits made on the twenty-seventh day of February as special deposits, and complaining that on said twenty-seventh day of February it deposited in said bank the sum of $431.75, and was by said bank duly credited therewith on that date, and the amount entered on its pass-book, and that, although it had frequently demanded of the receiver the payment thereof, the same had not been paid, and asked for an order of the court directing the receiver to pay said sum. The court refused to order the receiver to pay the appellant cash as prayed for in its petition, and it is this action of the court we are asked to review for error.

The facts show that appellant, on February 27th, presented to the bank for deposit three items—the checks of two of the bank's customers aggregating

$81.75, and the bank's cashier's check for $350—and that the amount thereof, to wit, $431.75, was entered on appellant's pass-book; that the three checks were then placed in an envelope and kept separate and apart from other funds or effects of the bank, and later, when a receiver was appointed, turned over to him; and that the receiver, acting under the order of April 13th, had tendered said checks to appellant, appellant declining to accept them.

The transaction between appellant and the bank did not augment or increase the bank's assets one penny. No funds were added to its assets nor any taken away by reason of such transaction. It owed the amount of the three checks to a different party, and that was all.

The evident purpose of the officers of the bank, as disclosed by the Hall petition, which was adopted by appellant, was to keep all transactions of the 27th of February separate and apart, so that, if it were found the bank could no longer carry on, every person dealing with it on the 27th should be made whole, and the bank's assets neither increased nor decreased by its doors being kept open on that day. It was that agreement and understanding that the order of April 13th undertook to carry out.

If the deposit as made by appellant was a general deposit, it was, of course, unaffected by the order of April 13th, and appellant's rights would be governed by the rule applicable to the general creditors of the insolvent bank. If, however, the order of April 13th covered appellant's deposit, it was because it was a special deposit, kept separate and apart from the other funds of the bank.

The manner in which the bank handled the appellant's deposit, or the understanding of the officers and employees of the bank that it would be a special deposit, and not a general one, would not constitute

it a special deposit without the consent of the depositor.

The record does not disclose that the appellant ever consented or thought that its deposit was to be special. It does appear that there was a credit of $431.75 entered on its pass-book, and under the rule laid down in *Cohen* v. *First National Bank,* 22 Ariz. 394, 15 A. L. R. 701, 198 Pac. 122, this was equivalent to a credit fixed and irrevocable in favor of the appellant for the amount of such checks. Such being the nature of the deposit, appellant could not take advantage of the order of April 13th, and have it regarded as a special deposit, and secure to himself what no other general creditor could obtain, and what the court intended should accrue only to special depositors.

If under the facts of its case the appellant is entitled to be paid 100 cents on the dollar, then every general creditor of the bank should be paid in full, and upon application would be entitled to an order from the court directing the receiver to make the payment.

We are satisfied that the court was correct in denying the appellant the preference it seeks.

The order of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.